IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AVERY BRADFORD, | : |
| Petitioner, | : |
| V. | : NO. 3:23-cv-00052-TES-CHW |
| WARDEN TAMARSHE SMITH, | : |
| Respondent. | : |

### ORDER

Petitioner Avery Bradford, a prisoner in Macon State Prison in Oglethorpe, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pet. for Writ of Habeas Corpus., ECF No. 1.  He has also filed a motion for leave to proceed in this action *in forma pauperis*.  Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. Because Petitioner's documentation shows that he is unable to prepay any portion of the filing fee, his motion to proceed *in forma pauperis* is now **GRANTED**, and this case is ripe to proceed.[1]

It is now **ORDERED** that, within thirty (30) days of the date of this order, Petitioner amend his petition to include every unalleged possible constitutional error or deprivation

---

[1] Petitioner has previously filed a habeas petition in this Court. *Bradford v. Perry*, Case No. 3:19-cv-00016-CAR-CHW.  On review of these filings, it appears possible that Petitioner is challenging the same conviction that he was challenging in that case, which would render this an impermissible successive petition insofar as Petitioner has not received permission from the Eleventh Circuit to file a successive petition.  However, Petitioner listed different dates of conviction and slightly different charges on the habeas forms.  Thus, it is not clear on the face of the petition that this case is successive, and the case will proceed for the time being.  Nothing precludes the respondent from moving to dismiss this case as successive if that is the situation.

entitling him to federal habeas corpus relief, failing which Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial habeas petition.  If amended, Petitioner will be presumed to have deliberately waived his right to complain of any constitutional errors or deprivations other than those set forth in his initial and amended habeas petitions.

It is further **ORDERED** that Respondent file an answer to the allegations of the petition and any amendments within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or shall explain in writing why the petition cannot be adjudicated by a motion to dismiss.  Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on the Attorney General and Respondent electronically through CM/ECF.  A copy of this Order shall be served by the Clerk by U.S. mail upon Petitioner.  Petitioner is

advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

**SO ORDERED**, this 16th day of May, 2023.

s/ Charles H. Weigle<br>
Charles H. Weigle<br>
United States Magistrate Judge